FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -6  AM 7:18

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN EDMOND MAYES | CIVIL ACTION |
| VERSUS | NO: 04-1572 |
| JACK STRAIN, JR. ET. AL | SECTION: "J" (4) |

Before the Court is a **Motion for Reconsideration of Dismissal (doc. #39)**, a **Motion for Plaintiff's Request for Production of Documents (doc. #41)**, a **Motion for Handwriting Expert and Analysis (doc. #43)** and a **Motion to Consolidate Cases (doc. #50)**. Each matter will be separately addressed herein.

I.  **Motion for Reconsideration of Dismissal (doc. #39)**

The undersigned in conducting the required statutory review determined that the excessive force claims against Detective James McIntosh and Detective Chris Vicari should be dismissed because there was evidence in the record including the testimony of the plaintiff, Kevin Mayes, that he believed he was charged with three counts of simple battery on an officer. (R&R, P.7) However, subsequent to the issuance and adoption of the recommendation of dismissal, the plaintiff presented proof consisting of a letter from the clerk of court of St. Tammany Parish that there was no such charges pending. (See Clerk Letter ).

The Court is of the opinion therefore the *Heck v. Humphrey 512 U.S. 477 ( 1994)* bar is no

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No.____

longer implicated.[1] Therefore, the **Motion For Reconsideration** is **GRANTED (doc.#39)** and the excessive force claims against McIntosh and Vicari shall be allowed to proceed forward.

II. <u>Motion for Plaintiff's Request for Production of Documents (doc. #41)</u>

Next, the plaintiff seeks production of his medical records, grievances and any grievances filed against McIntosh by any other citizen of the State of Louisiana. Upon review of the motion, it is unclear whether Mayes forwarded his request directly to the defendant as required by Federal Rule of Civil Procedure 34.

> Rule 34 provides:
> Any party may serve on any other party a request to produce...which is in his possession, custody or control....

Mayes, not having established that he forwarded the Request for Production of Documents directly to the defendant has prematurely filed the subject request. Therefore, the **Motion for Plaintiff's Request for Production of Documents (doc. #41) is DENIED.**

III. <u>Motion for Handwriting Expert and Analysis (doc. #43)</u>

Mayes also filed a Motion for Handwriting Expert or Analysis because he contends that some unidentified documents in the case have been forged, falsified or altered. He fails to explain how these documents are relevant to the case at hand. Therefore, the **Motion for Handwriting Expert or Analysis (doc. #43) is DENIED.**

IV. <u>Motion to Consolidate Cases (doc. #50)</u>

Finally, before the Court is a **Motion to Consolidate Cases.** However, the motion seeks

---

[1] The Court notes that while the presiding District Judge approved the dismissal of the claims against McIntosh and Vicari upon recommendation of the undersigned, this order was issued prior to the parties consenting to proceed before me. Since the recommendation was approved, however, the parties have consented to proceed before the undersigned rendering the reconsideration appropriate.

to consolidate the subject matter with itself as Mayes only references 04-1572. Further, the Court after checking its docket is unaware of any other claim pending by Mayes that could be considered related to the subject matter of this claim. Therefore, the **Motion to Consolidate Cases (doc.# 50)** is **DENIED**.

**IT IS ORDERED, ADJUDGED AND DECREED THAT** :

(1) **Motion for Reconsideration of Dismissal (doc. #39) is GRANTED.**

(2) **Motion for Plaintiff's Request for Production of Documents (doc. #41) is DENIED.**

(3) **Motion for Handwriting Expert or Analysis (doc. #43) is DENIED.**

(4) **Motion to Consolidate Cases (doc. #50) is DENIED.**

New Orleans, Louisiana, this 3rd day of Feb, 2006

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE